UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT SEATTLE

| | |
|---|---|
| UNITED STATES OF AMERICA,<br><br>　　　　　　　Plaintiff,<br><br>　　v.<br><br>JENNIFER A. GOSAR, HOWARD GALE,<br>ELIZABETH MUELLER GRAHAM<br>NICHOLAS PEDA, NIKITA MINKIN,<br>JESSIE YADLOWSKY<br><br>　　　　　　　Defendants. | CASE NOS. 19-306; 19-307; 19-308;<br>19-313; 19-315; 19-320<br><br>**ORDER DENYING DEFENDANTS'<br>JOINT MOTION TO DISMISS** |

　　　Defendants Jennifer A. Gosar, Howard Gale, Elizabeth Mueller Graham, Nicholas Peda, Nikita Minkin and Jessie Yadlowsky ("Defendants") are charged with violating 41 C.F.R. § 102.74.385—failing to obey the lawful direction of Federal Police Officers and other authorized individuals. By counsel, Defendants jointly move the Court to dismiss the charges on the grounds the CFR under which they are charged "is an excessive delegation of legislative authority," and the CFR "which affects First Amendment protected conduct, is impermissibly vague and overbroad." Dkt. 12. The Court having considered the Defendants' motion, the government's response and Defendants' reply Dkts. 17, and 18, **DENIES** the motion.

　　　The parties agree Defendants were cited after they failed to leave United States Senator Maria Cantwell's Seattle office on August 6, 2019. Defendants contend they petitioned Senator

ORDER DENYING DEFENDANTS' JOINT
MOTION TO DISMISS - 1

Cantwell to visit immigration detention centers located at the southern U.S. border, use her "bully pulpit" to publicize her observations, and assure Defendants she would not authorize funding for the immigration facilities absent strict oversight. After receiving no response from the Senator, Defendants claim they told her staff they would wait in her Seattle office until the Senator met with them or granted their requests. Defendants claim Senator Cantwell did not respond or meet with Defendants; instead they were handcuffed at her office shortly after 5:30 pm and cited under 41 C.F.R. § 102-74-385. Dkt. 12.

The government alleges Defendants entered Senator Cantwell's office in the Jackson Federal Building and were permitted to stay without interference. About 4:55 pm, security officers advised Defendants the building was closing at 5:00 pm, they needed to leave, and they could come back the next day. Defendants did not leave and at 5:15 pm, security officers again told Defendants the building was closing and they had to leave. At 5:35 pm, security officers told Defendants to leave or they would be cited. When Defendants did not leave, security officers handcuffed the Defendants, issued citations under 41 C.F.R. § 102-74-385 and escorted them out of the Jackson Federal Building. *See* Dkt. 18.

Defendants argue "due to the lack of legislative direction and guidance provided to agencies when enacting 41 C.F.R. § 102-74-385, the regulation is an unconstitutionally excessive delegation of legislative authority." Dkt. 12 at 5. Defendants' argument was considered and rejected in *United States v. Mumford*, 2017 WL 652449 at *3-4 (D. Or. Feb. 16, 2017) and *United States v. Cruscial*, 2019 WL 1087150 at *2-3 (D. Or. Mar. 7, 2019). The Court finds the reasoning set forth in these cases is persuasive and adopts it as its own.

Defendants further argue the CRF is vague and overbroad because it provides unfettered discretion to government individuals to issue lawful direction; does not contain a "mens rea"

ORDER DENYING DEFENDANTS' JOINT
MOTION TO DISMISS - 2

element and thus does not give "fair notice of what directions might be levied";does not allow an ordinary person to know whether they have sufficiently complied to avoid criminal prosecution," and allows for arbitrary law enforcement. *Id*. at 6-10. The Court rejects the argument. *United States v. Stansell*, 847 F.2d 609, 614 (9th Cir. 1988) directs Courts not to read CFR sections in isolation but in consideration of the complete regulatory scheme of federal property management. Federal agencies must close government property to the public outside of normal working hours. *See* 41 C.F.R. § 102-74.375. Defendants were cited only after they did not leave the Jackson Federal Building which was by then closed and were warned that they must leave or be cited. Viewed in the context of the complete regulatory scheme, the challenged CFR is not unconstitutionally overbroad.

The challenged CFR is also not impermissibly vague. Defendants were told to leave because the Jackson Federal Building was closing. When they did not leave, they were warned twice more. They were also warned they would be cited if they not leave. An ordinary person would have no problem understanding a directive to leave a federal building because it was closing and that the failure to comply would result in a citation.

The Court accordingly **DENIES** Defendants' joint motions to dismiss. Dkt. 12.

DATED this 15th day of January, 2020.

BRIAN A. TSUCHIDA
Chief United States Magistrate Judge

ORDER DENYING DEFENDANTS' JOINT
MOTION TO DISMISS - 3