1
2
3
4
5
6
7
8
9
10
11
12
13
14
15
16
17
18
19
20
21
22
23

UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT SEATTLE

UNITED STATES OF AMERICA,

                              Plaintiff,

        v.

JENNIFER A. GOSAR, HOWARD GALE,
ELIZABETH MUELLER GRAHAM,
NICHOLAS PEDA, NIKITA MINKIN,
JESSIE YADLOWSKY

                              Defendants.

CASE NOS. 19-306; 19-307; 19-308;
19-313; 19-315; 19-320

ORDER GRANTING
GOVERNMENT'S MOTION IN
LIMINE TO EXCLUDE DEFENSES

        The United States of America (government) moves *in limine* to exclude "all evidence,

comment, and argument" regarding defenses based upon necessity, international law or its

principles, the First Amendment right to assemble and petition, or the Religious Freedom and

Restoration Act (RFRA). Dkt. 31. Defendants oppose the motion and contend the Court should

deny the government's motion and permit them to raise defenses on necessity and RFRA. Dkt.

44.

        The Court may determine the admissibility of defenses by motions *in limine*. *See United

States v. Dorrell,* 758 F.2d 427, 430 (9th Cir. 1985). The sole question the Court must address is

whether Defendants' offer of proof is insufficient as a matter of law. *Id.* "If it is, then the trial

ORDER GRANTING GOVERNMENT'S
MOTION IN LIMINE TO EXCLUDE
DEFENSES - 1

1  court should exclude the defense and the evidence offered in support." *Id.*

2  **A.    Necessity Defense**

3        "To invoke the necessity defense, Defendants must show (1) they were faced with a

4  choice of evils and chose the lesser evil; (2) they acted to prevent imminent harm; (3) they

5  reasonably anticipated a direct causal relationship between their conduct and the harm to be

6  averted; and (4) they had no legal alternatives to violating the law." *United States v. Schoon*, 971

7  F.2d 193, 195 (9th Cir. 1985). The necessity defense does not arise from a "choice" of several

8  courses of action; it requires a real emergency. *Dorrell*, 758 F.2d at 431. Thus if "there was a

9  reasonable, legal alternative to violating the law, the defense fails." *Id.*  Further as the Court in

10  *Schoon* observed the "exercise of a moral judgment based upon individual standards does not

11  carry with it legal justification or immunity from punishment for breach of the law." *Id.* at 197.

12        Defendants' claim they have met their threshold burden fails. They claim it was

13  necessary for them to commit the acts for which they are charged because immigrants fleeing

14  persecution are being unnecessarily detained in dehumanizing and abusive detention centers.

15  Defendants contend they therefore sought to meet with Senator Cantwell to make her agree to

16  their demands regarding immigration and detention. The Senator did not respond to Defendants'

17  demands. However, necessity is not a defense to taking actions against a politician who is

18  unresponsive or who disagrees with a constituent's demands.

19        When Defendants could not meet or speak with Senator Cantwell at her office in the

20  Federal Jackson Building on August 6, 2019, they decided to sit in her lobby even though federal

21  law enforcement instructed them to leave because the federal building was closed.

22        Defendants argue their refusal to leave is an evil that is lesser than the evil of the United

23  States' immigration detention system and that the detention system far surpasses any evil caused

ORDER GRANTING GOVERNMENT'S
MOTION IN LIMINE TO EXCLUDE
DEFENSES - 2

by Defendants' presence in Senator Cantwell's office after closing hours or failure to respond to the lawful directives of federal law enforcement officers at the Jackson Federal Building. Dkt. 44 at 5. The argument is nonsensical. Necessity is applicable, for example, where one breaks the speed limit and drives 100 miles per hour to the emergency room in order to prevent a passenger who is bleeding profusely from dying. In this situation the decision to break the speed limit is an evil that is lesser than the decision to allow the passenger to bleed to death. In contrast, Defendants admit they refused law enforcement orders to leave a closed federal building. But their refusal did not and would not avert the harm of which Defendants complain.

Defendants argue they reasonably anticipated a direct causal relationship between their conduct and the harm to be averted because other elected officials have "taken steps to avert harm to immigrants." Dkt. 44 at 6. This argument is also nonsensical. If the actions of other elected officials established a direct causal relationship between Defendants' conduct and the harm to be averted, the harm Defendants complain of would have already been resolved. The argument only established that the actions other elected officials have taken have not averted the harm of which Defendants complain. Additionally, Senator Cantwell did not respond to Defendants' requests prior to the date Defendants were arrested. There is thus no basis to conclude the actions of other elected officials establishes Senator Cantwell would engage in the actions Defendants demanded.

Defendants further argue they had no legal alternatives to disregarding federal law enforcement's lawful directive to leave a closed federal building or be cited. The Court noted earlier, Senator Cantwell's office offered to have a staff member discuss the matter; offered to have someone from the senator's office call the Defendants, and offered to schedule a meeting. The Defendants refused to accept these alternatives. As the Court in *Dorrell* noted there are

1    many other opportunities to present a message including using the national electoral process,

2    speech on public streets, contacting the press, and now using social media. *Dorrell*, 758 F.2d at

3    432. Defendants declined to utilize these alternatives. Defendants' claim Senator Cantwell's

4    declination to meet with them and effect the changes Defendants asked of her establish they had

5    no alternatives. As discussed above, Defendants had many alternatives, but simply failed to

6    utilize them. Because there is no basis for the necessity defense the government's motion *in*

7    *limine* is granted and the Court precludes the necessity defense.

8    **B.    RFRA**

9         The CFR requiring Defendants abide by federal law enforcements' directive to leave a

10   closed Federal Building does not impermissible burden Defendants' sincerely held religious

11   beliefs under RFRA. The government has a compelling interest in being able to enforce the

12   closing hours of a federal building and having members of the public abide by law enforcement

13   requests to leave a closed federal building. Defendants were given a chance to leave and avoid

14   citation but declined to do so. Defendants argue the RFRA nonetheless shields them from

15   prosecution because "requiring the defendants to leave Senator Cantwell's office before she

16   accede to any of the defendants' requests substantially curtailed their ability to achieve their

17   goals." Dkt. 44 at 11. Defendants aren't entitled to force the Senator to do what they want; their

18   attempt to force the Senator to accede to their requests is thus not shielded by the RFRA.

19        Further, Defendants' refusal to follow law enforcement requests to leave the closed

20   federal building is untethered to their attempt to force Senator Cantwell to accede to their

21   requests. Defendants' action thus are not comparable to the "Warren case" in which the

22   defendant was prosecuted for leaving provisions and water in the desert to prevent immigrants

23   from dying. The Court accordingly grants the government's motion *in limine* regarding this

ORDER GRANTING GOVERNMENT'S
MOTION IN LIMINE TO EXCLUDE
DEFENSES - 4

defense.

**C.    FIRST AMENDMENT AND INTERNATIONAL LAW**

Defendants state they "do not raise a separate international law and First Amendment Defense" but go to say they do not interpret the Government's motion to preclude these defenses. *Id.* at 12. The Court rejects Defendants' position. The record plainly establishes the government moved *in lime* to exclude defenses based upon international law and the First Amendments. As Defendants aver they will not raise international law or First Amendment defenses the Court grants the government's motion *in limine* and precludes these defenses.

For the reasons above the Court **GRANTS** the government's motion *in lime*, Dkt. 31, and **ORDERS**: All evidence, comment, and argument regarding defenses of necessity, the First Amendment, the RFRA and international law is precluded. Defendants are barred from calling as witnesses Carly Pena, Che Warren, Kelli Truhn, Thomas Bauer, Professor Angelina Snodgrass Godoy, Scott Allen, M.D. and Alice Woldt. Defendants are barred from presenting exhibits regarding the defenses covered in this order.

DATED this 29th day of January, 2020.

_____
BRIAN A. TSUCHIDA
Chief United States Magistrate Judge